IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF EDWARD FURST, AS OWNER OF A 1999 BOSTON WHALER 18 OUTRAGE, HIN BWCLB057C999, FOR EXONERATION FROM OR LIMITATION OF LIABILITY | Case No. _____ |

**COMPLAINT IN ADMIRALTY**
**FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

NOW COMES Limitation Plaintiff, Edward Furst (hereinafter, the "Limitation Plaintiff"), as owner of a 1999 Boston Whaler 18 Outrage (Hull Identification Number: BWCLB057C999, State Registration Number: MS 4570 BN) (hereinafter, the "Limitation Vessel"), by counsel, in this action for exoneration from or limitation of liability, and alleges as follows:

**Jurisdiction and Venue**

1. This is a case within the admiralty and maritime jurisdiction of the United States of America within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and is brought pursuant to the federal Vessel Owner's Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq*.

2. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1333. Venue is proper in this Court pursuant to Supplemental Rule F(9) of the Federal Rules of Civil Procedure, as the Limitation Vessel has not been attached or arrested under the Federal Rules of Civil Procedure Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and the Limitation Vessel is within this District.

3. The incident giving rise to this Complaint (hereinafter, the "Accident") occurred on May 22, 2021, and, therefore there are no written notices of potential claims made more than six months prior to the filing of this Complaint.

### The Limitation Plaintiff and the Limitation Vessel

4. At all material times, the Limitation Plaintiff was and is a Massachusetts resident, residing in Norwell, Massachusetts in Plymouth County.

5. The Limitation Vessel is a 1999 Boston Whaler 18 Outrage (Hull Identification Number: BWCLB057C999, State Registration Number: MS 4570 BN).

6. At all material times, the Limitation Plaintiff was and is the owner of the Limitation Vessel.

7. The Limitation Vessel currently is located within the District of Massachusetts.

### The Accident

8. On May 22, 2021, the Limitation Plaintiff Edward Furst and two passengers were aboard the Limitation Vessel during a voyage on the waters of the North River, in or near Scituate, Massachusetts (hereinafter, the "Voyage").

9. Prior to the Voyage, the Limitation Plaintiff exercised proper diligence in seeing to it that the Limitation Vessel was in all respects sound and seaworthy.

10. The Limitation Vessel was sound and seaworthy at all material times prior to and during the Voyage.

11. The Limitation Plaintiff operated the Limitation Vessel in a proper, prudent, and seamanlike manner at all times during the Voyage.

12. At the commencement of the Voyage, the waters of the North River were calm. However, near the conclusion of the Voyage, an unusually large, dangerous, and unforeseeable

wave suddenly overtook the Limitation Vessel and broke over the Limitation Vessel's stern, washing passenger Barbara "Lucy" Warner overboard and carrying her into the waters of the North River.

13. Lucy Warner died as a result of the injuries she sustained in the Accident.

14. The Limitation Plaintiff is the sole owner of the Limitation Vessel.

15. The estimated value of the Limitation Vessel at the end of the Voyage is no more than Twenty Three Thousand Eight Hundred Fifty Five and 00/100 dollars ($23,855.00) (U.S.), (an affidavit from Stephen P. Charette, CMI concerning the state of the Limitation Vessel at the time of the Accident is attached to this Petition as its **Exhibit 1**).

16. The Limitation Vessel had no pending freight at the close of the Voyage.

17. The waters of the North River connect, in an unimpeded fashion, to the Atlantic Ocean. As a result, the waters of the North River are a navigable waterway of the United States subject to federal admiralty jurisdiction.

18. The Accident occurred on the navigable waters of the United States. This Accident had the potential to have a disruptive impact on maritime commerce because such serious personal injuries occurring on the navigable waterways, may, *inter alia*, obstruct the navigable waterway or require rescue efforts that disrupt maritime commerce.

19. The navigation of a recreational vessel on a navigable waterway, like the Limitation Vessel's Voyage on the North River, is a traditional maritime activity.

**Limitation Plaintiff's Claim for Exoneration or Limitation**

20. The Limitation Plaintiff files this claim for exoneration from or limitation of liability, pursuant to 46 U.S.C. §§ 30501–30512.

21. Subject to an appraisal of his interest in the Limitation Vessel, the Limitation Plaintiff herewith deposits with the Court, as security for the benefits of claimants, an *Ad Interim* Stipulation for security in the sum of Twenty Three Thousand Eight Hundred Fifty Five and 00/100 dollars ($23,855.00) (U.S.), (hereinafter the "*Ad Interim* Stipulation"), plus interest at six percent (6%) per annum from the date of said *Ad Interim* Stipulation. The Limitation Plaintiff is also depositing with the Court, coincident with the filing of this Complaint, a Stipulation for Costs in the sum of One Thousand Dollars and 00/100 dollars ($1,000.00) (U.S.) as security for costs, in accordance with Supplemental Admiralty Rule F(1).

22. At all material times, the Limitation Vessel was seaworthy, properly maintained, manned, equipped and supplied, and fit and safe for her intended purpose.

23. The Accident resulted from an Act of God and was occasioned without the Limitation Plaintiff's privity or knowledge.

24. The Limitation Plaintiff claims the benefit of the Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq.*, and the various acts amendatory and supplemental thereto and, in this same proceeding, contests liability and the liability of the Limitation Vessel for any loss or injury arising out of the Voyage or Accident.

25. The Accident and all injuries and damages caused thereby or otherwise incurred during or arising from the Voyage or Accident were not due to any fault, negligence, or lack of due care on the part of the Limitation Plaintiff or the Limitation Vessel, nor were any injuries, losses, and damages occasioned by any unseaworthiness of the Limitation Vessel.  Instead, any injuries, losses, and damages incurred during or arising from the Accident were due solely to and caused solely by an Act of God.

26. The Limitation Plaintiff contests liability and the liability of the Limitation Vessel for any injuries, losses, or damages occasioned or incurred during or arising from the Voyage or Accident and has valid defenses thereto based upon the facts and law.

27. Although filing the *Ad Interim* Stipulation for security herein, the Limitation Plaintiff expressly denies that he or the Limitation Vessel is liable for any loss or damage. The Limitation Plaintiff hereby claims and reserves the right to contest in this, or any other court, any claim of liability against either himself or the Limitation Vessel.

WHEREFORE, Limitation Plaintiff Edward Furst prays that this Honorable Court will:

1. Enter an Order approving the above-described *Ad Interim* Stipulation for security, in the amount of Twenty Three Thousand Eight Hundred Fifty Five and 00/100 dollars ($23,855.00) (U.S.), for which the Limitation Plaintiff deposits a Letter of Undertaking executed by Progressive Direct Insurance Company with the Court, as security for the total value of his interest in the Limitation Vessel, and also approving the Stipulation for Costs in the amount of One Thousand and 00/100 dollars ($1,000.00) (U.S.);

2. Issue a notice to all persons asserting claims, with respect to which the Limitation Plaintiff seeks limitation, admonishing them to file their respective claims with the Clerk of this Court and to serve on attorneys for the Limitation Plaintiff a copy thereof and an answer to this Complaint (unless the claim includes an answer so designated) on or before a date to be fixed by the Court;

3. Issue an injunction restraining and enjoining the prosecution of any and all suits, actions or proceedings already commenced or to be commenced and the commencement and prosecution thereafter of any and all suits, actions or proceedings of any nature or description in any jurisdiction against the Limitation Plaintiff as aforesaid or against the Limitation Vessel or

against any other property of the Limitation Plaintiff except in this action, to recover damages for or in respect of any loss, damage, injury, death or destruction done, occasioned or incurred during the Voyage or Accident;

4. Enter judgment in favor of the Limitation Plaintiff exonerating him from any loss, damage, injury or liability for any claims in any way arising out of or resulting from the Voyage or Accident;

5. If the Limitation Plaintiff shall be judged liable and if he is found to have any interest remaining in the Limitation Vessel, limit his liability to the value of such interest;

6. Afford to the Limitation Plaintiff such other and further relief as the Court deems just and proper.

Dated: November 11, 2021

Respectfully submitted,

EDWARD FURST

By: /s/ Walter A. Galas, Jr.
Walter A. Galas, Jr.
BBO# 628750
Law Office of Laura Nigro
45 Shawmut Road, Suite 1C
Canton, MA 02021
(781) 355-7800
wgalas1@progressive.com

Christopher A. Abel
*Pro hac vice application forthcoming*
Willcox & Savage, P.C.
440 Monticello Avenue, Suite 2200
Norfolk, Virginia 23510
Telephone: 757.628.5500
Facsimile: 757.628.5566
cabel@wilsav.com

*Counsel for Limitation Plaintiff Edward Furst*

6