**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION**

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF EDWARD FURST, AS OWNER OF A 1999 BOSTON WHALER 18 OUTRAGE, HIN BWCLB057C999, FOR EXONERATION FROM OR LIMITATION OF LIABILITY | Case No. 1:21-cv-11832-WGY |

**LIMITATION PLAINTIFF'S NOTICE OF COMPLIANCE WITH
SUPPLEMENTAL RULES F(4) AND F(6)**

Limitation Plaintiff, Edward Furst (hereinafter, the "Limitation Plaintiff"), as owner of a 1999 Boston Whaler, 18 Outrage (Hull Identification Number: BWCLB057C999, State Registration Number: MS 4570 BN) (hereinafter, the "Limitation Vessel"), in this action for exoneration from or limitation of liability, by counsel, files this Notice to inform the Court that he has complied with Supplemental Admiralty Rules F(4) and F(6) of the Federal Rules of Civil Procedure.

Limitation Plaintiff filed his Complaint in Admiralty (hereinafter, the "Limitation Complaint") pursuant to 46 U.S.C. §§ 30501 *et seq.*, claiming the right of exoneration from or limitation of liability from any and claims arising from an accident that occurred on or about May 22, 2021, on the waters of the North River, in or near Scituate Massachusetts (hereinafter, the "Voyage"). The Limitation Complaint was filed on November 11, 2021, pursuant to Supplemental Admiralty Rule F(1). *See* ECF No. 1. On that same day, the Limitation Plaintiff filed his Motion to approve Security and for Publication and Stay. *See* ECF No. 4. On December 27, 2021, the Court entered its Orders Accepting Security and for Publication and Stay. *See* ECF Nos. 7 and 8. The Publication Order, ECF No. 8, directed potential claimants to file their claims with the Clerk of this Court, in the United States District Court for the District of Massachusetts, and serve on or

1

mail to Limitation Plaintiff's counsel a copy thereof on or before March 1, 2022, or be defaulted. *See* ECF No. 8, at 2. The Publication Order also directed Limitation Plaintiff to publish the notice specified in the Publication in *The Old Colony Memorial* once per week for four (4) consecutive weeks before March 1, 2022, and to mail a copy of the notice to every person known to have made or who may make a claim arising out of the Voyage no later than the day of the second publication. *See id.*

During the intermediate period between December 27, 2021, and March 1, 2022, in compliance with Supplemental Rule F(4) and the Publication Order, the required notice was published in *the Old Colony Memorial* once per week for four (4) consecutive weeks. The required notice was published on January 12, 19, 26 and February 2 of 2022. A true and correct copy of the publication affidavit from *The Old Colony Memorial* is attached hereto as **Exhibit 1**.

Pursuant to Supplemental Rule F(4) and the Publication Order, on January 17, 2022, counsel for the Limitation Plaintiff mailed a copy of the notice and other pertinent documents to each of the potential claimants, or to his, her, or their respective counsel or attorneys if these individuals were known to be represented by counsel. True and correct copies of those letters are attached hereto as **Exhibits 2-3**. There were no other known potential claimants as of the day of the second publication.

No claims were filed, and no parties appeared in this action by March 1, 2022. As a result, there is no information to provide pursuant to Supplemental Rule F(6).

Dated:  March 3, 2022                              Respectfully submitted,

                                                   EDWARD FURST

                                                   By:  */s/ Christopher A. Abel*
                                                        Christopher A. Abel

I-1871614.1

*Admitted Pro Hac Vice*
Willcox & Savage, P.C.
440 Monticello Avenue, Suite 2200
Norfolk, Virginia 23510
Telephone:  757.628.5500
Facsimile:   757.628.5566
cabel@wilsav.com

Walter A. Galas, Jr.
BBO# 628750
Law Office of Laura Nigro
45 Shawmut Road, Suite 1C
Canton, MA 02021
(781) 355-7800
wgalas1@progressive.com

*Counsel for Limitation Plaintiff Edward Furst*