# EXHIBIT 3



Christopher A. Abel
(757) 628-5547
cabel@wilsav.com

71495.125

January 17, 2022

**Via FedEx**

Tom Rodriguez
Lathrop GPM, LLP
1515 Wynkoop Street, Suite 600
Denver, CO 80202

Re: *In The Matter of the Complaint of Edward Furst, as owner of a 1999 Boston Whaler 18 Outrage, HIN: BWCLB057C999, for exoneration from or limitation of Liability* Case No. 1:21-cv-11832-WGY, pending in the United States District Court for the District of Massachusetts, Eastern Division
Progressive Claim No. 21-4507925

Dear Mr. Rodriguez:

As I believe you know, our firm represents the Limitation Plaintiff, Edward Furst, in connection with a boating accident that occurred on or about May 22, 2021, on the waters of the North River, in or near Scituate, Massachusetts. Our understanding is that you represent the Estate of Barbara Warner. This letter is being sent to you in your capacity as the Estate's counsel.

The purpose of this letter is to inform you that Edward Furst has filed an action under the federal Shipowner's Limitation of Liability Act in the United States District Court for the District of Massachusetts, Eastern Division, Case No. 1:21-cv-11832-WGY, referenced above. Pursuant to the procedure governing that action, enclosed please find (1) a copy of the Court's Notice of Complaint for Exoneration from or Limitation of Liability, (2) a copy of its Order of Publication and Stay, and (3) a courtesy copy of the Complaint.

Very truly yours,

Christopher A. Abel

CAA:hrp
Enclosures

Reply to Norfolk Office

440 MONTICELLO AVENUE   SUITE 2200   NORFOLK, VA 23510   757.628.5500   FACSIMILE 757.628.5566
222 CENTRAL PARK AVENUE   SUITE 1500   VIRGINIA BEACH, VIRGINIA 23462   757.628.5600   FACSIMILE 757.628.5659

WWW.WILLCOXANDSAVAGE.COM

I-1853160.1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS
## EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF EDWARD FURST, AS OWNER OF A 1999 BOSTON WHALER 18 OUTRAGE, HIN BWCLB057C999, FOR EXONERATION FROM OR LIMITATION OF LIABILITY | Case No. _____ |

## NOTICE OF COMPLAINT FOR
## EXONERATION FROM OR LIMITATION OF LIABILITY

Notice is given Limitation Plaintiff, Edward Furst (hereinafter, the "Limitation Plaintiff"), as owner of a 1999 Boston Whaler 18 Outrage (Hull Identification Number: BWCLB057C999, State Registration Number: MS 4570 BN) (hereinafter, the "Limitation Vessel") as identified in the Complaint in Admiralty filed herein (hereinafter, the "Limitation Complaint"), claims the right of exoneration from or limitation of liability from any and all claims arising from an accident that occurred during a voyage on or about May 22, 2021 on the waters of the North River in or near Scituate, Massachusetts (hereinafter, the "Voyage").

All persons having claims must file them as provided in Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, with the Clerk of this Court, the United States District Court for the District of Massachusetts, and serve on or mail to the Limitation Plaintiff's counsel: Christopher A. Abel, Esquire, Willcox & Savage, P.C., 440 Monticello Avenue, Suite 2200, Norfolk, Virginia 23510, or to Walter A. Galas, Jr., Esquire, Law Office of Laura Nigro, 45 Shawmut Road, Suite 1C, Canton, Massachusetts 02021, a copy thereof on or before the ____ day of _____, 20__, or be defaulted. Personal attendance is not required.

Any claimant desiring to contest the Limitation Plaintiff's allegations must file an answer to the Complaint as required by Rule F(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, and serve on or mail to either counsel for the Limitation Plaintiff a copy thereof.

_____, 2021.

By: _____

          Clerk, United States District Court for the District of Massachusetts

2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS
## EASTERN DIVISION

IN THE MATTER OF THE COMPLAINT
OF EDWARD FURST, AS OWNER OF A
1999 BOSTON WHALER 18 OUTRAGE,
HIN BWCLB057C999, FOR
EXONERATION FROM OR LIMITATION
OF LIABILITY

Case No.  1:21-cv-11832-WGY

### ORDER OF PUBLICATION AND STAY

WHEREAS Limitation Plaintiff Edward Furst (hereinafter, the "Limitation Plaintiff"), as

owner of a 1999 Boston Whaler 18 Outrage (Hull Identification Number: BWCLB057C999,

State Registration Number: MS 4570 BN) (hereinafter, the "Limitation Vessel"), as identified in

the Complaint in Admiralty filed herein (hereinafter, the "Limitation Complaint"), claims the

right of exoneration from or limitation of liability from any and all claims arising from an

accident that occurred during a voyage on or about May 22, 2021 on the waters of the North

River in or near Scituate, Massachusetts (hereinafter, the "Voyage"), as more fully described in

the Limitation Complaint; and the Limitation Plaintiff also stating the facts and circumstances

under which exoneration or limitation is claimed;

NOW, on application of the Limitation Plaintiff, by counsel,

### IT IS HEREBY ORDERED:

That the commencement or prosecution of any actions or suits of any nature against either

the Limitation Plaintiff or the Limitation Vessel is enjoined; and further prosecution of any actions

heretofore commenced or to be commenced against the Limitation Plaintiff, or against property

owned, operated, or controlled by the Limitation Plaintiff, is enjoined; and any property heretofore

attached under any such suit or action should be and is freed from such attachment; and any bonds

1

I-1831780.1

or stipulations heretofore given for the release of any vessel or property of the Limitation Plaintiff are released and canceled; and the Clerk and/or U.S. Marshal of any Court in which any such property has been attached is hereby commanded to restore the said property to the person or persons having custody at the time of the said attachment, and no other suit, action, or claim of any nature shall be made or prosecuted against either the Limitation Plaintiff or the Limitation Vessel, or any property in which the Limitation Plaintiff has an interest, which arises by reason of the Voyage except in the present proceeding and in accordance with this and any other subsequent order of this Court, and all such other actions are hereby stayed and restrained until the hearing and determination of this proceeding; and it is further

**ORDERED** that the Clerk issue a Notice to all persons claiming damages sustained or occasioned or incurred by or resulting from the Voyage, or in any way arising out of or in connection with the operation of the Limitation Vessel at or near the time when the Voyage occurred, admonishing them to file their respective claims with the Clerk of the Court and to serve on or mail to counsel for the Limitation Plaintiff a copy thereof, or be defaulted, on or before the   1st   day of _March_____, 20 22 and subject to the right of any person or persons to controvert or question the same, with liberty also to any person or persons claiming damages who shall have presented their claims to answer the Complaint; and it is further

**ORDERED** that notice be published in the Old Colony Memorial once per week for four (4) consecutive weeks before the return date of this Order, and that the Limitation Plaintiff shall, no later than the day of the second publication mail a copy of said notice to every person known to have made or who may make a claim against the Limitation Plaintiff and/or the Limitation Vessel arising out of the Voyage for which the claims sought to be limited arose; and it is further

2

I-1831780.1

**ORDERED** that service of this Order as a restraining order be made within this District or

Court by delivering a copy of this Order to the person or persons to be restrained, or to his, her, or

their respective counsel or attorneys.

BY THE COURT

/s/ William G. Young

**United States District Judge for the**
**District of Massachusetts**

DATED:  December 27, 2022

I-1831780.1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF EDWARD FURST, AS OWNER OF A 1999 BOSTON WHALER 18 OUTRAGE, HIN BWCLB057C999, FOR EXONERATION FROM OR LIMITATION OF LIABILITY | Case No. _____ |

## COMPLAINT IN ADMIRALTY
## FOR EXONERATION FROM OR LIMITATION OF LIABILITY

NOW COMES Limitation Plaintiff, Edward Furst (hereinafter, the "Limitation Plaintiff"), as owner of a 1999 Boston Whaler 18 Outrage (Hull Identification Number: BWCLB057C999, State Registration Number: MS 4570 BN) (hereinafter, the "Limitation Vessel"), by counsel, in this action for exoneration from or limitation of liability, and alleges as follows:

### Jurisdiction and Venue

1.      This is a case within the admiralty and maritime jurisdiction of the United States of America within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and is brought pursuant to the federal Vessel Owner's Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq.*

2.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1333. Venue is proper in this Court pursuant to Supplemental Rule F(9) of the Federal Rules of Civil Procedure, as the Limitation Vessel has not been attached or arrested under the Federal Rules of Civil Procedure Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and the Limitation Vessel is within this District.

1

3.     The incident giving rise to this Complaint (hereinafter, the "Accident") occurred on

May 22, 2021, and, therefore there are no written notices of potential claims made more than six

months prior to the filing of this Complaint.

### The Limitation Plaintiff and the Limitation Vessel

4.     At all material times, the Limitation Plaintiff was and is a Massachusetts resident,

residing in Norwell, Massachusetts in Plymouth County.

5.     The Limitation Vessel is a 1999 Boston Whaler 18 Outrage (Hull Identification

Number: BWCLB057C999, State Registration Number: MS 4570 BN).

6.     At all material times, the Limitation Plaintiff was and is the owner of the Limitation

Vessel.

7.     The Limitation Vessel currently is located within the District of Massachusetts.

### The Accident

8.     On May 22, 2021, the Limitation Plaintiff Edward Furst and two passengers were

aboard the Limitation Vessel during a voyage on the waters of the North River, in or near Scituate,

Massachusetts (hereinafter, the "Voyage").

9.     Prior to the Voyage, the Limitation Plaintiff exercised proper diligence in seeing to

it that the Limitation Vessel was in all respects sound and seaworthy.

10.    The Limitation Vessel was sound and seaworthy at all material times prior to and

during the Voyage.

11.    The Limitation Plaintiff operated the Limitation Vessel in a proper, prudent, and

seamanlike manner at all times during the Voyage.

12.    At the commencement of the Voyage, the waters of the North River were calm.

However, near the conclusion of the Voyage, an unusually large, dangerous, and unforeseeable

2

wave suddenly overtook the Limitation Vessel and broke over the Limitation Vessel's stern, washing passenger Barbara "Lucy" Warner overboard and carrying her into the waters of the North River.

13.     Lucy Warner died as a result of the injuries she sustained in the Accident.

14.     The Limitation Plaintiff is the sole owner of the Limitation Vessel.

15.     The estimated value of the Limitation Vessel at the end of the Voyage is no more than Twenty Three Thousand Eight Hundred Fifty Five and 00/100 dollars ($23,855.00) (U.S.), (an affidavit from Stephen P. Charette, CMI concerning the state of the Limitation Vessel at the time of the Accident is attached to this Petition as its **Exhibit 1**).

16.     The Limitation Vessel had no pending freight at the close of the Voyage.

17.     The waters of the North River connect, in an unimpeded fashion, to the Atlantic Ocean. As a result, the waters of the North River are a navigable waterway of the United States subject to federal admiralty jurisdiction.

18.     The Accident occurred on the navigable waters of the United States. This Accident had the potential to have a disruptive impact on maritime commerce because such serious personal injuries occurring on the navigable waterways, may, *inter alia*, obstruct the navigable waterway or require rescue efforts that disrupt maritime commerce.

19.     The navigation of a recreational vessel on a navigable waterway, like the Limitation Vessel's Voyage on the North River, is a traditional maritime activity.

## Limitation Plaintiff's Claim for Exoneration or Limitation

20.     The Limitation Plaintiff files this claim for exoneration from or limitation of liability, pursuant to 46 U.S.C. §§ 30501–30512.

3

21.     Subject to an appraisal of his interest in the Limitation Vessel, the Limitation Plaintiff herewith deposits with the Court, as security for the benefits of claimants, an *Ad Interim* Stipulation for security in the sum of Twenty Three Thousand Eight Hundred Fifty Five and 00/100 dollars ($23,855.00) (U.S.), (hereinafter the "*Ad Interim* Stipulation"), plus interest at six percent (6%) per annum from the date of said *Ad Interim* Stipulation. The Limitation Plaintiff is also depositing with the Court, coincident with the filing of this Complaint, a Stipulation for Costs in the sum of One Thousand Dollars and 00/100 dollars ($1,000.00) (U.S.) as security for costs, in accordance with Supplemental Admiralty Rule F(1).

22.     At all material times, the Limitation Vessel was seaworthy, properly maintained, manned, equipped and supplied, and fit and safe for her intended purpose.

23.     The Accident resulted from an Act of God and was occasioned without the Limitation Plaintiff's privity or knowledge.

24.     The Limitation Plaintiff claims the benefit of the Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq.*, and the various acts amendatory and supplemental thereto and, in this same proceeding, contests liability and the liability of the Limitation Vessel for any loss or injury arising out of the Voyage or Accident.

25.     The Accident and all injuries and damages caused thereby or otherwise incurred during or arising from the Voyage or Accident were not due to any fault, negligence, or lack of due care on the part of the Limitation Plaintiff or the Limitation Vessel, nor were any injuries, losses, and damages occasioned by any unseaworthiness of the Limitation Vessel. Instead, any injuries, losses, and damages incurred during or arising from the Accident were due solely to and caused solely by an Act of God.

4

26.     The Limitation Plaintiff contests liability and the liability of the Limitation Vessel for any injuries, losses, or damages occasioned or incurred during or arising from the Voyage or Accident and has valid defenses thereto based upon the facts and law.

27.     Although filing the *Ad Interim* Stipulation for security herein, the Limitation Plaintiff expressly denies that he or the Limitation Vessel is liable for any loss or damage. The Limitation Plaintiff hereby claims and reserves the right to contest in this, or any other court, any claim of liability against either himself or the Limitation Vessel.

WHEREFORE, Limitation Plaintiff Edward Furst prays that this Honorable Court will:

1.     Enter an Order approving the above-described *Ad Interim* Stipulation for security, in the amount of Twenty Three Thousand Eight Hundred Fifty Five and 00/100 dollars ($23,855.00) (U.S.), for which the Limitation Plaintiff deposits a Letter of Undertaking executed by Progressive Direct Insurance Company with the Court, as security for the total value of his interest in the Limitation Vessel, and also approving the Stipulation for Costs in the amount of One Thousand and 00/100 dollars ($1,000.00) (U.S.);

2.     Issue a notice to all persons asserting claims, with respect to which the Limitation Plaintiff seeks limitation, admonishing them to file their respective claims with the Clerk of this Court and to serve on attorneys for the Limitation Plaintiff a copy thereof and an answer to this Complaint (unless the claim includes an answer so designated) on or before a date to be fixed by the Court;

3.     Issue an injunction restraining and enjoining the prosecution of any and all suits, actions or proceedings already commenced or to be commenced and the commencement and prosecution thereafter of any and all suits, actions or proceedings of any nature or description in any jurisdiction against the Limitation Plaintiff as aforesaid or against the Limitation Vessel or

5

against any other property of the Limitation Plaintiff except in this action, to recover damages for

or in respect of any loss, damage, injury, death or destruction done, occasioned or incurred during

the Voyage or Accident;

4.      Enter judgment in favor of the Limitation Plaintiff exonerating him from any loss,

damage, injury or liability for any claims in any way arising out of or resulting from the Voyage

or Accident;

5.      If the Limitation Plaintiff shall be judged liable and if he is found to have any

interest remaining in the Limitation Vessel, limit his liability to the value of such interest;

6.      Afford to the Limitation Plaintiff such other and further relief as the Court deems

just and proper.

Dated: November 11, 2021                    Respectfully submitted,

                                            EDWARD FURST

                                     By:    */s/ Walter A. Galas, Jr.*
                                            Walter A. Galas, Jr.
                                            BBO# 628750
                                            Law Office of Laura Nigro
                                            45 Shawmut Road, Suite 1C
                                            Canton, MA 02021
                                            (781) 355-7800
                                            wgalas1@progressive.com

                                            Christopher A. Abel
                                            *Pro hac vice application forthcoming*
                                            Willcox & Savage, P.C.
                                            440 Monticello Avenue, Suite 2200
                                            Norfolk, Virginia 23510
                                            Telephone:  757.628.5500
                                            Facsimile:  757.628.5566
                                            cabel@wilsav.com

                                            *Counsel for Limitation Plaintiff Edward
                                            Furst*

6

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION**

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF EDWARD FURST, AS OWNER OF A 1999 BOSTON WHALER 18 OUTRAGE, HIN BWCLB057C999, FOR EXONERATION FROM OR LIMITATION OF LIABILITY | Case No. _____ |

**AFFIDAVIT**

I, Stephen P. Charette, being duly sworn, submit the following Affidavit:

1.      My name is Stephen P. Charette, and I am over the age of 18 and competent to make this Affidavit.

2.      I am the owner of New England Marine Consultants, Inc.

3.      I have been asked to determine the fair market value of a 1999 Boston Whaler 18 Outrage (Hull Identification Number: BWCLB057C999, State Registration Number: MS 4570 BN) (hereinafter, the "Limitation Vessel"), following the Limitation Vessel's involvement in an accident that occurred on the waters of the North River in or near Scituate, Massachusetts, on May 22, 2021 (hereinafter the "Accident").

4.      I am a member of the International Association of Marine Investigators (IAMI), and I have been an IAMI Certified Marine Investigator since 2016.

5.      In the course and scope of my duties as a marine surveyor, I am often required to assess and/or estimate the value of watercraft.

6.      I surveyed the damage to the Limitation Vessel after the Accident, on November 3rd, 2021.

7.      At the time of the loss the Limitation Vessel had no pending freight.

l-1833030.2

8.     I estimate that the Limitation Vessel's current fair market value, and fair market value at the time of the loss, in coastal Massachusetts to be $23,855.00.

9.     The foregoing estimate is true, correct, and accurate to the best of my knowledge and information and based on my training and experience as an IAMI Certified Marine Investigator working in the Commonwealth of Massachusetts.

FURTHER THE AFFIANT SAYETH NOT.

Stephen P. Charette, CMI

**COMMONWEALTH OF MASSACHUSETTS,**
**CITY / COUNTY OF** _ESSEX_ **to wit:**

On this _09th_ day of November 2021, before me, a notary in and for the Commonwealth of Massachusetts, in the City or County aforesaid, personally appeared Stephen P. Charette, who:

_____   is personally known to me, or

✓   has produced _MA Driver's License_ as identification, appeared before me, a notary in and for the Commonwealth of Massachusetts and being duly sworn, executed the foregoing Affidavit and acknowledged the Affidavit to be his free and voluntary act and deed.

IN WITNESS WHEREOF I have hereunto set my hand and official seal, this day and year first written above.

Notary Public

Notary Registration Number: _____

My Commission Expires: _03/02/2023_

ENT.JONA BRARI
Notary Public
Commonwealth of Massachusetts
My Commission Expires March 02, 2023

I-1833030.2

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

In The Matter of the Complaint of Edward Furst, as owner of a 1999 Boston Whaler 18 Outrage, HIN: BWCLB057C999, for exoneration from or limitation of liability

**(b)** County of Residence of First Listed Plaintiff   Plymouth County, MA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Walter A. Galas, Jr., Law Office of Laura Nigro, 45 Shawmut Road, Suite 1C, Canton, MA 02021 (781) 355-7800

## DEFENDANTS

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | ☐ 367 Health Care/ Pharmaceutical | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☒ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management | **SOCIAL SECURITY** | Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
46 U.S.C. 30501 et seq., Fed. R. Civ. P. 9(h), and Supplemental Admiralty Rule F

Brief description of cause:
Vessel owner's petition for exoneration from or limitation of liability

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
November 11, 2021

SIGNATURE OF ATTORNEY OF RECORD
/s/ Walter A. Galas, Jr.

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____