**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF EDWARD FURST, AS OWNER OF A 1999 BOSTON WHALER 18 OUTRAGE, HIN BWCLB057C999, FOR EXONERATION FROM OR LIMITATION OF LIABILITY | Case No. 1:21-cv-11832-WGY |

**LIMITATION PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY OF EXONERATION BY DEFAULT AS TO ALL NON-APPEARING PARTIES AND NON-ASSERTED CLAIMS**

NOW COMES Limitation Plaintiff, Edward Furst (hereinafter, the "Limitation Plaintiff"), as the owner of the 1999 Boston Whaler, 18 Outrage (Hull Identification Number: BWCLB057C999, State Registration Number: MS 4570 BN) (hereinafter, the "Limitation Vessel"), by counsel and pursuant to Rule 55(b) of the Federal Rules of Civil Procedure and Rule F(4) and F(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Supplemental Admiralty Rules"), the Court's Order for Publication and Stay (ECF No. 8) requiring all claims arising from the Accident to be asserted by March 1, 2022, and as and for his Memorandum in Support of the Motion for Entry of Judgment of Exoneration by Default Against Non-Appearing Parties and Non-Asserted Claims, states as follows:

**STATEMENT OF FACTS**

1.      The Limitation Plaintiff filed a Complaint in Admiralty, pursuant to 46 U.S.C. §§ 30501 *et seq.*, claiming the right of exoneration from or limitation of liability for any and all claims arising out of an accident that occurred during a voyage on or about May 22, 2021, on the waters of the North River, in or near Scituate, Massachusetts (hereinafter, the "Voyage"). The Complaint

1

in Admiralty was filed on November 11, 2021, pursuant to Supplemental Admiralty Rule F(1). *See* ECF No. 1.

2.      Also on November 11, 2021, the Limitation Plaintiff filed his Motion to Approve Security and for Publication and Stay. *See* ECF No. 4.

3.       On December 27, 2021, the Court entered its Order Accepting Security, ECF No. 7, and for Publication and Stay, ECF No. 8 (hereinafter the "Publication Order"). The Publication Order directed potential claimants to file their claims with the Clerk of this Court, in the United States District Court for the District of Massachusetts, and serve on or mail to Limitation Plaintiff's counsel a copy thereof on or before March 1, 2022 or be defaulted. *See* ECF No. 8, at 2. The Publication Order also directed the Limitation Plaintiff to publish the notice specified in the Publication Order in *The Old Colony Memorial* once per week for four (4) consecutive weeks before March 1, 2022, and to mail a copy of the notice to every person known to have made or who may make a claim arising out of the Voyage no later than the day of the second publication. *See id.*

4.      The Limitation Plaintiff followed the Publication Order and complied with Supplemental Rules F(4) and F(6). *See* Notice of Compliance with Rule F(4) and (6), ECF No. 12.

5.      The deadline for receipt of claims and answers was March 1, 2022. No claimants have appeared or filed any answer, claim, or other responsive pleading.

6.      On March 14, 2022, the Limitation Plaintiff submitted his Request for Entry of Clerk's Default pursuant to Federal Rules of Civil Procedure 55(a). *See* ECF No. 13. On March 15, 2022, the Clerk of Court issued a Clerk's Default, effectively entering a default against all non-appearing parties (hereinafter, the "Defaulted Parties") and non-asserted claims (hereinafter, the "Defaulted Claims"). *See* ECF No. 14.

**ARGUMENT**

The Limitation Plaintiff is entitled to default judgment against the Defaulted Parties because the Defaulted Parties cannot now appear and assert, much less prove, any claims against the Limitation Plaintiff, and because the Limitation Plaintiff's entitlement to a *concursus* of claims and exoneration for liability for any claims not timely asserted is clear from the face of the Limitation Complaint and the record before the Court. Default judgment generally is proper as to potential claimants who have not responded to newspaper publication of a court's notice to assert claims by a certain date, or who seek to bring new or amended claims after the deadline for filing them has passed:

> Where a monition and publication is made according to the rules and practice in admiralty proceedings, it becomes notice to 'all persons' having any claims, whether they receive actual notice thereof or not, and, if they fail to appear within the time designated, they are liable to lose the opportunity of presenting their claims in that proceeding or in any other.

*Dowdell v. U. S. Dist. Court for N. Dist. of California*, 139 F. 444, 446 (9th Cir. 1905); *see also In re Complaint of Kirby Inland Marine*, 365 F. Supp. 2d 777, 782 (M.D. La. 2005).

The Limitation Plaintiff followed the requirements for notice by publication set forth in Supplemental Rule F(4) and the Court's Order of Publication and Stay, by publishing notice to all potential claimants in a newspaper of general circulation and mailing notice to all persons known to have made or who may make a claim arising out of the Voyage. *See* Notice of Compliance with Supplemental Admiralty Rules F(4) and F(6), and the exhibits attached thereto (ECF No. 12), the contents of which are incorporated into this Memorandum by reference. Such notice by publication satisfies due process as to any potential claimants and claims. No claimants have come forward, and the period for their doing so has since expired. Now, over two weeks after the deadline for

I-1874466.1

filing a claim, there is no good cause for the delay of any non-claiming individuals sufficient to justify permission to file a later claim.

The Limitation Complaint properly pleads facts sufficient to establish the Court's subject matter jurisdiction over this matter and to demonstrate that the Limitation Plaintiff lacked privity in or knowledge of any negligence or unseaworthiness that had any role in the Voyage or the Accident. *See* ECF No. 1. Accordingly, the Court should afford the Limitation Plaintiff the remedy contemplated by the Limitation Act, the Supplemental Rules, and Federal Rule of Civil Procedure 55 against parties with at least constructive notice who have not appeared.

Although default judgment against non-appearing parties may seem unusual, doing so is consistent with the underlying policy of limitation actions under the general maritime law and the Limitation Act in particular. A limitation action allows a vessel owner to bring all claims against it and the vessel together under a *concursus* of claims. Default judgment as to potential claims clarifies and provides a resolution of the subject matter of such a proceeding.[1] Additionally, a default judgment as to potential claims not timely asserted gives effect to the language in Supplemental Admiralty Rule F(2), which authorizes a limitation of liability complaint to "demand exoneration from as well as limitation of liability." Fed. R. Civ. P. Adm. Supp. (F)(2). A default judgment against any and all potential claimants essentially is a judgment of exoneration as to those potential, unidentified claimants. Moreover, entry of judgment of exoneration by default against the Defaulted Parties and Defaulted Claims will facilitate resolution of the claims pending in this action, as it will free the parties from apprehension of the late appearance of any other

---

[1] This same policy and need for finality applies in other contexts, such as that involving real property, where potential claims against the subject property not asserted by the date established by the court can be subject to default judgment as long as notice properly was made by publication.

I-1874466.1

claimant and the attendant complications associated with litigating a party's right to appear and the impact of the new claim on the case.

Entry of default is proper under Rule 55(a) when a party "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise[.]" Fed. R. Civ. P. 55(a). As shown by the record, any parties wishing to make a claim with respect to the Voyage and Accident were required to file a claim on or before March 1, 2022 or be defaulted. *See* ECF No. 8. That deadline has passed and no claims were asserted. As a result, Default was entered against any non-appearing parties and non-asserted claims on March 15, 2022. *See* ECF. No. 14. At this point, any claims not yet asserted against the Limitation Plaintiff are foreclosed by operation of this Court's Order of Publication and Stay, proper publication and notice, and the Clerk's Entry of Default. *See Dowdell*, 139 F. at 446.

## <u>CONCLUSION</u>

The Limitation Act entitles the Limitation Plaintiff to exoneration from liability for claims arising out of the Voyage of the Limitation Vessel and Accident on May 22, 2021, provided that the Limitation Plaintiff satisfies the procedural predicates set forth under the Supplemental Admiralty Rules. The Limitation Plaintiff has complied with this Court's Orders and the Supplemental Admiralty Rules, and, as a result, is now entitled to default judgment in his favor against the Defaulted Parties and the Defaulted Claims in this case.

WHEREFORE, the Limitation Plaintiff Edward Furst respectfully requests that the Court enter a default judgment of exoneration in his favor, exonerating him from any loss, damage, injury, or liability for any claims in any way arising out of or resulting from the Accident or coincident with the Voyage that have not been asserted in this matter and against all other parties

I-1874466.1

having an interest in this matter, and that it award the Limitation Plaintiff such other and further relief as this Court may deem just and proper.

Dated:  March 17, 2022                    Respectfully submitted,

                                          EDWARD FURST

                           By:  */s/ Christopher A. Abel*
                                Christopher A. Abel
                                *Admitted Pro Hac Vice*
                                Willcox & Savage, P.C.
                                440 Monticello Avenue, Suite 2200
                                Norfolk, Virginia 23510
                                Telephone:  757.628.5500
                                Facsimile:   757.628.5566
                                cabel@wilsav.com

                                Walter A. Galas, Jr.
                                BBO# 628750
                                Law Office of Laura Nigro
                                45 Shawmut Road, Suite 1C
                                Canton, MA 02021
                                (781) 355-7800
                                wgalas1@progressive.com

                                *Counsel for Limitation Plaintiff*
                                *Edward Furst*

I-1874466.1