IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF EDWARD FURST, AS OWNER OF A 1999 BOSTON WHALER 18 OUTRAGE, HIN BWCLB057C999, FOR EXONERATION FROM OR LIMITATION OF LIABILITY | Case No. 1:21-cv-11832-WGY |

**ORDER OF JUDGMENT OF EXONERATION BY DEFAULT AGAINST ALL NON-APPEARING PARTIES AND NON-ASSERTED CLAIMS**

WHEREAS Limitation Plaintiff, Edward Furst (hereinafter, the "Limitation Plaintiff"), as the owner of the 1999 Boston Whaler, 18 Outrage (Hull Identification Number: BWCLB057C999, State Registration Number: MS 4570 BN) (hereinafter, the "Limitation Vessel"), by counsel, has moved this Court for default judgment in his favor against all possible claimants, known and unknown, who did not timely file and serve their claim and answers in response to the Limitation Plaintiff's Complaint in Admiralty (hereinafter, the "Limitation Complaint") ( ECF No. 1) by March 1, 2022;

WHEREAS the motion requests that the Court enter a default of exoneration in Limitation Plaintiff's favor, exonerating him from any loss, damage, injury, or liability for any claims in any way arising out of or resulting from the accident or coincident with the voyage that occurred on or about May 22, 2021, on the waters of the North River, in or near Scituate, Massachusetts (hereinafter, the "Voyage"), as to all claims that have not been asserted against him or the Limitation Vessel in this matter and against all parties having an interest in this matter;

WHEREAS Limitation Plaintiff filed his Limitation Compliant claiming the right of exoneration from, or limitation of, liability under the Limitation of Liability Act, 46 U.S.C. §§

I-1874559.1

30501 *et seq.*, for any and all claims arising out of, resulting from, or in any way connected with the Voyage;

WHEREAS the Court issued an Order of Publication and Stay (ECF No. 8), ordering all potential claimants to file their claims with the Clerk of this Court, in the United States District Court for the District of Massachusetts, and serve on or mail to the Limitation Plaintiff's counsel a copy thereof on or before March 1, 2022, or be defaulted. *See* ECF No. 8, at 2. The Court also ordered the Limitation Plaintiff to publish the Notice in *The Old Colony Memorial* once per week for four (4) consecutive weeks before March 1, 2022, and to mail a copy of the Notice to every person known to have made or who may make a claim arising out of the Voyage no later than the day of the second publication. *See id.*;

WHEREAS the required notice was published in *The Old Colony Memorial* on January 12, 19, 26, and February 2 of 2022. *See* ECF No. 12-1;

WHEREAS the Limitation Plaintiff sent a copy of the Notice, the Publication Order, and the Limitation Complaint to Elisabeth Hirsch and counsel for the Estate of Barbara Warner. *See* ECF No's. 12-2, 12-3;

WHEREAS no Claimants have filed or served claims or answers to the Limitation Complaint, have sought relief from default or leave to file a late claim, or have otherwise appeared in this action;

WHEREAS on March 15, 2022, upon the request of the Limitation Plaintiff, the Clerk of Court entered a default against all non-appearing parties and non-asserted claims. *See* ECF No. 14;

WHEREAS there are no facts to indicate that any non-appearing possible claimant is a minor, incompetent, or in military service;

3

NOW, THEREFORE, the Court finds that the Limitation Plaintiff provided due notice of the pendency of this proceeding in compliant with Rule of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure and the Court's Order of Publication and Stay; and

IT IS ORDERED that Limitation Plaintiff's Motion for Judgment of Exoneration by default is GRANTED;

IT IS FURTHER ORDERED that a Judgment of Exoneration is hereby ENTERED in favor of the Limitation Plaintiff as to all claims that have not been asserted in this matter and against all other parties having an interest in this matter for any claim whatsoever associated with the Limitation Plaintiff's ownership of the Limitation Vessel and the Voyage, pursuant to Rule F(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, for failure to file a claim or answer in this action.

IT IS SO ORDERED.

**March 23, 2022**
Date

/s/WILLIAM G. YOUNG
United States District Judge